UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BUREAU OF MOTOR VEHICLES, ) <br> INDIANA SUPERIOR COURT, STATE ) <br> OF INDIANA, and J. GIRARDOT, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> PIERRE D. BURDETTE, ) <br> ) <br> Defendant. ) | CAUSE NO. 1:17-CV-398 WL |

OPINION AND ORDER

Pierre D. Burdette, a prisoner without a lawyer, sent the clerk a document captioned, "Legal Notice of Removal" in which he purports to remove the State criminal case, *State v. Burdette*, 02D05-1611-F6-1218 (Allen Superior Court filed November 8, 2016), where he pleaded guilty to three counts and was sentenced to a year in jail. The clerk improperly opened this as a civil, rather than a criminal, case. However, it would merely be a waste of additional judicial resources to direct the clerk to re-docket this case with a different number because it must be dismissed either way.

First, a notice of removal must be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1455(b)(1). Though the statute provides that the District Court may grant leave to file an untimely notice for good cause shown, Burdette has not provided any explanation for waiting nearly three months after his conviction and sentence were affirmed on appeal. *See Burdette v. State*, 02A04-1702-CR-384, 2017 WL 2778047 (Ind. Ct. App. June 27, 2017).

Second, even if Burdette had tried to remove his State criminal case before he pleaded guilty, 28 U.S.C. § 1443(1) permits removal of state prosecutions only where State law formally

discriminates against a defendant based on his race. *State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997) *citing Georgia v. Rachel*, 384 U.S. 780 (1966) and *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 621 (1979). Because Indiana law does not formally discriminate based on race, this case could not have been removed.

Finally, even if removal was not procedurally impossible, Burdette's arguments are meritless. He argues that the State of Indiana does not have jurisdiction over him because he is an "Aboriginal, Indigenous Moorish American National." ECF 1 at 3. That is to say, because of his purported nationality, he is immune from prosecution for crimes he commits in the State of Indiana. However, "[r]egardless of an individual's claimed status of descent . . . that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011).

For these reasons, this case is **DISMISSED**. Pierre Burdette is **CAUTIONED** that if he files any other frivolous, malicious, or meritless lawsuit, he may be fined, sanctioned, or restricted.

SO ORDERED.

ENTERED: September 18, 2017

    s/William C. Lee
William C. Lee, Judge
United States District Court